[No. 18275.    Department Two.—September 17, 1894.]

## MILES WALLACE, ASSIGNEE, ETC., APPELLANT, *v.* D. R. McKENZIE ET AL., RESPONDENTS.

MORTGAGES—PRIORITY—ASSIGNEE IN INSOLVENCY—BONA FIDE PURCHASER.
A mortgage, which is received by the mortgagee under an express agreement that it is to be subject to another mortgage to a third person, although it is first recorded, is not entitled to priority; and the assignee in insolvency of such mortgagee, not being a *bona fide* purchaser, acquires no greater rights than his assignor had.

ID.—RECORDING.—Under such circumstances the failure to properly record such other mortgage would not affect its right to priority.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*S. S. Wright*, and *J. P. Meux*, for Appellant.

*Frank H. Short*, for Respondents.

McFARLAND, J.—The plaintiff, Wallace, as assignee in insolvency of one John Krohn, brought this action to foreclose a mortgage executed to said Krohn by defendants McKenzie and Rule. Dickey was made a defendant upon averment that he claimed some interest in the mortgaged premises which is alleged to be subsequent and subject to the lien of plaintiff's mortgage. Dickey by answer and cross-complaint set up that he had a mortgage on said premises executed by said McKenzie and Rule, which was prior and superior to the mortgage of plaintiff. The court found in favor of Dickey, holding plaintiff's mortgage to be second and subject to that of Dickey. Plaintiff appeals from the judgment and from an order denying his motion for a new trial.

The facts are substantially these: A few days prior to the execution of either of the mortgages Krohn, who was a creditor of McKenzie and Rule, requested the latter to give him a mortgage to secure the amount owing by them to him; and they informed him that they would do so if he would accept the same as a second mortgage subject to one which they had given or were about to give to Dickey. To this Krohn assented. A mortgage which had been prepared by or for Dickey, who lived at Fresno, and forwarded to McKenzie and Rule who lived near a place called Coarse Gold, was signed by the latter on or about November 8, 1889. On November 9th the mortgage to Krohn was drawn up by a notary at Coarse Gold—being substantially copied, except as to amounts, etc., from the mortgage to Dickey—and both mortgages were on said day acknowledged before said notary—the one to Dickey being acknowledged first. Krohn took his mortgage (the one sued on in this action) "with the express understanding and agreement that he would take and receive the same subsequent and subject to the Dickey mortgage, which it was expressly understood and agreed was and should be the first upon said premises." McKenzie and Rule " refused to execute a first mortgage of said premises to

said Krohn"; and "would never have delivered the mortgage to him, except·that the said Krohn agreed to receive and did receive the same as a second mortgage upon said premises, and subject to the said mortgage of the said Dickey." Krohn had his mortgage recorded immediately. Dickey's mortgage was sent to him at Fresno the next day by mail, and was not recorded until several days afterwards.

We think that, under these circumstances, the court below correctly held that the mortgage of plaintiff should be treated in equity as second and subject to the mortgage of defendant Dickey. Plaintiff stands in the shoes of Krohn, and there is no question of innocent holders without notice to be considered. Therefore, authorities cited by appellant which deal with the rights of third parties do not here apply.

It seems that when Dickey received his mortgage he sent it back for some corrections, but it does not appear that any alterations were made, and it does appear that no material alteration was made. It does appear that the notary, for some reason, changed the date of the acknowledgment; but that, in any view, is immaterial, for as Krohn had full knowledge of the existence of Dickey's mortgage and expressly agreed to take his subject to it, it is unimportant whether or not the mortgage was properly recorded.

Judgment and order affirmed.

DE HAVEN, J., and FITZGERALD, J., concurred.